**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando MORA–ISABELLES,**
**Defendant–Appellant.**

**No. 05–30115.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 26, 2006.*

Filed March 9, 2006.

Lisca N. Borichewski, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Terrence Kellogg, Esq., Law Office of Terrence Kellogg, Seattle, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and BURNS,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM ***

Appellant Armando Mora–Isabelles appeals his criminal convictions for distributing heroin and cocaine and possessing heroin with intent to distribute. The parties are familiar with the facts, so we do not recite them here.

Although the prosecutor improperly vouched for the informant's credibility, the error was harmless in the context of the whole trial and the district court's curative jury instructions. *See United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005) (claim of prosecutorial misconduct is viewed in the context of the entire trial, and reversal is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial).

Defendant's right to testify was not violated when the district court limited his testimony. It is well-settled that the right to testify "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *United States v. Pino–Noriega*, 189 F.3d 1089, 1095 (9th Cir.1999) (citation omitted). In this case, the district court's ruling did not prevent Defendant from testifying about his fear of the informant. Moreover, the disputed testimony was only marginally relevant to Defendant's entrapment defense, and could therefore be properly limited on relevance grounds. *United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996).

Nor was Defendant's right to confront witnesses violated by reasonable restric-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions the district court placed on cross-examination concerning the informant's prior arrest. *United States v. Wilmore,* 381 F.3d 868, 872 (9th Cir.2004). Even if there was error, it was harmless. *United States v. Schoneberg,* 396 F.3d 1036, 1044 (9th Cir.2005).

**AFFIRMED.**